[No. 3628.]

DAVIS v. WRIGHT.

APPEAL DISMISSED—*When Will Be Re-entered as Pending on Error.* An appeal dismissed for the failure of appellant to comply with an order of the supreme court requiring a new appeal bond will not be re-entered as pending on writ of error, as such dismissal was not for lack of jurisdiction.*

*Appeal from Mesa District Court.* HON. SPRIGG SHACK-LEFORD, Judge.

Mr. BENJAMIN GRIFFITH, and Mr. T. M. MORROW, for appellant.

Messrs. FRY & WELSH, and Messrs. ROTHGERBER & APPEL, for appellee.

Motion to have cause re-entered as pending on writ of error, denied.

KING, J., delivered the opinion of the court.

December 16th, 1912, the appeal herein was dismissed for failure of appellant to comply with an order

---

*Syllabus by King, J.

of the supreme court requiring appellant to file a new appeal bond within thirty days thereafter, with sureties to be approved by the clerk of the supreme court. A new bond was tendered March 27th, 1911, but the clerk refused to approve the sureties. Appellant now moves this court to re-enter said cause as pending on writ of error.

Section 388a, Mills' Annotated Code, which provides that when the supreme court, or the court of appeals, shall dismiss an appeal for lack of jurisdiction to entertain the same, and it shall appear that the court would have jurisdiction if the action had come up on writ of error, the court shall order the clerk to enter the cause as pending on writ of error, does not, we think, apply to the condition here found to exist. There was no lack of jurisdiction to entertain the appeal when taken and perfected. The appeal was perfected as provided by law. The cause was dismissed, not for lack of jurisdiction, but because of the failure of appellant to comply with an order of the supreme court based upon a showing of insufficiency of the sureties on the appeal bond. We think no authority exists for re-entering this cause as pending on writ of error, and the motion therefor will be denied.